Dykman, J.
This action is. brought to foreclose two mortgages, one made by James Oook and Margaret Ms wife to Henry B. Mahn for $3,000, dated April 23, 1857, and payable May 1, 1860, and the other made by Grace Hoole to William E. Hoole for $4,500, dated August 29,1877, and payable August 29, 1880. The defense to the first was the statute of limitations and payment, and to the second want of consideration. The trial judge found in favor of the defendants on all the issues and rendered judgment against the plaintiff, from which this appeal is taken. The findmgs of the judge are fully justified and substantiated by the testimony and his conclusions of law are the legal results thereof.
The testimony of William E. Hoole, given on Ms examination as a witness in a former and different action, has no materiality here and can be allowed no force against the defendant, Grace Hoole. He was called on the trial of this action as a witness by the plaintiff, and on Ms examination in chief, by the plaintiff’s counsel, he was asked to state what answers he had made to certain questions when testifying on the former trial and he did so; but such testimony proves nothing. It was quite immaterial for the purposes of affirmative proof what statements tins witness had made on any previous occasion. When it is sought to contradict a witness or weaken or impeach his testimony, the party against whom he is called or gives testimony may, under certain circumstances, show that he has made contradictory or different statements at other times, but that case was not presented on the trial of this action. The purpose and object of the testimony elicited was to show by the witness, who was the mortgagee in the mortgage for $4,500, that the consideration of that mortgage was the assumption by him of the payment of certam promissory notes of the mortgagor, Ms mother, Grace Hoole. After he had stated that he had no conversation with her about these papers, he was then asked if he did not testify, on the former trial, of another action, in substance, that the assumption of the payment of certain promissory notes by him was the consideration for the execution to him of the mortgage for $4,500, and he answered in the affirmative. Then the plaintiff undertook to prove, by statements made at another time by the witness, that there was a consideration for that mortgage; and that effort was made after the witness had testified that he had no conversation with his mother on that subject, and had made it plain that there was no such consideration. The testimony of the defendant, Grace Hoole, is, that she executed the mortgage for $4,500, in the belief and supposition that it was a deed, and that she received *558 no consideration for it, and her testimony stands uncontradicted in the case. The mortgage for $3,000 became due May 1, 1860, and no payment thereon has been made, and the presumption of payment attaches to it from the long lapse of time, and no recovery can be had thereon. The plaintiff received both mortgages, subject to all equities and defenses. The findings are all well sustained, and there were no errors committed.
The judgment should be affirmed, with costs.
Barnard, P. J., and Cullen, J., concur.